UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE BLACK |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:10-CR-014 |
| v. | ) | |
| | ) | |
| ERIC DUKE, | ) | |
| SSN: ***-**-3457 | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| and | ) | **MOTION TO QUASH WRIT OF** |
| | ) | **CONTINUING GARNISHMENT** |
| LCNB NATIONAL BANK, IN ITS | ) | |
| CAPACITY AS TRUSTEE FOR THE | ) | |
| ROBERT E. TEVLIN AND FRANCES M. | ) | |
| TEVLIN MEMORIAL TRUST | ) | |
| | ) | |
| Garnishee. | ) | |

LCNB National Bank, in its Capacity as Trustee for the Robert E. Tevlin and Frances M. Tevlin Memorial Trust ("LCNB") hereby moves the Court to quash the Writ of Continuing Garnishment (the "Writ," Doc. 285). A memorandum supporting this motion is attached.

Respectfully submitted,

/s/ *Chad R. Ziepfel*
Chad R. Ziepfel (0084274)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Ph: (513) 357-9368
Fx: (513) 381-0205
cziepfel@taftlaw.com
*Attorney for Garnishee LCNB National Bank, in its capacity as Trustee for the Robert E. Tevlin Trust*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGE BLACK |
| ) | |
| Plaintiff, ) | CASE NO. 1:10-CR-014 |
| ) | |
| v. ) | |
| ) | |
| ERIC DUKE, ) | |
| SSN: \*\*\*-\*\*-3457 ) | |
| ) | |
| Defendant ) | |
| ) | **MEMORANDUM IN SUPPORT OF** |
| and ) | **MOTION TO QUASH WRIT OF** |
| ) | **CONTINUING GARNISHMENT** |
| LCNB NATIONAL BANK, IN ITS ) | |
| CAPACITY AS TRUSTEE FOR THE ) | |
| ROBERT E. TEVLIN AND FRANCES M. ) | |
| TEVLIN MEMORIAL TRUST ) | |
| ) | |
| Garnishee. ) | |

## I. INTRODUCTION

The United States' efforts to force LCNB National Bank ("LCNB") to distribute funds from a discretionary trust to pay a portion of Mr. Duke's restitution order violates Ohio law.

LCNB is the successor trustee of the Robert E. Tevlin and Frances M. Tevlin Memorial Trust (the "Tevlin Trust").[1] The Tevlin Trust is a discretionary trust with a support standard; as trustee, LCNB has sole and exclusive discretion to make

---

[1] The Tevlin Trust was originally titled the "Rovert E. Tevlin Trust Agreement," but was later renamed. *See* First Amendment of the Robert E. Tevlin Trust Agreement Dated June 8, 2012 at ¶ 3.

2

distributions necessary for the medical care, comfortable support and maintenance, and education of the beneficiaries.

One beneficiary of the Tevlin Trust, Defendant Eric Duke, is subject to an unpaid restitution order in the amount of $2,073,729.50. The Writ of Continuing Garnishment (the "Writ," Doc. 285) improperly instructs LCNB to make a forced distribution of trust funds to the United States to apply toward Mr. Duke's restitution order.

Under Ohio law, a creditor cannot attach a beneficiary's interest in, or compel a distribution from, a discretionary trust. In an attempt to get around this prohibition, the United States and the other beneficiaries entered into a private settlement agreement directing the trustee to divide the trust into six equal portions and distribute one portion to each of the beneficiaries (thereby terminating the trust). The private settlement agreement also directs the trustee to pay Mr. Duke's portion directly to the United States.

While the Ohio Trust Code permits certain parties to a trust to enter into private settlement agreements, the agreement in this case violates numerous provisions of Ohio law and is thus invalid and unenforceable. Mr. Duke's interest in the Tevlin Trust remains discretionary, and thus free from attachment and levy by the United States.

II. **BACKGROUND**

    a. **The Tevlin Trust**

The Tevlin Trust was created as a revocable living trust on June 8, 2012, and was to be funded through an IRA and a pour-over provision in Mr. Tevlin's will. The Tevlin Trust was amended twice before Mr. Tevlin's death on April 24, 2017, upon which it

3

became irrevocable.[2] The six beneficiaries of the Tevlin Trust are Janice King, Andrew King, Douglas King (together, the "King Beneficiaries"), Linda Pearce, Nicole Pearce (together, the "Pearce Beneficiaries"), and Mr. Duke.

The Tevlin Trust is a discretionary trust with a support standard. It directs the trustee to create a "Family Trust" containing a sum equal to the largest amount that could pass free of federal estate tax at the time of Mr. Tevlin's death ($5,490,000).[3] The trustee is then directed to make distributions to the beneficiaries that "in Trustee's sole and uncontrolled discretion may determine to be necessary and proper, for the medical care, comfortable support and maintenance of each of said beneficiaries and the proper education of such beneficiaries."[4] The Tevlin Trust contains several other provisions making it clear that the trustee has full and exclusive discretion to make (or not make) distributions to the beneficiaries:

> the intent of the Grantor being that a beneficiary may continue to live to the fullest degree possible in the manner to which he or she has become accustomed and not for the purpose of preserving assets for ultimate distribution to other beneficiaries. Such distributions of net income or principal may be made to any one or more of said beneficiaries to the exclusion of any of the others, and may be made to any one or more of them without regard to the amount or amounts distributed to or for the benefit of any other one.[5]

> The determinations from time to time of the Trustee as to the beneficiary or beneficiaries to whom such payments of net income or principal are to be made and the amounts of such payments shall be final, binding and conclusive upon all persons whomsoever.[6]

---

[2] The Tevlin Trust and both amendments are attached as Exhibit 1.
[3] Ex. 1, Tevlin Trust at § 4.3.a.
[4] Ex. 1, Tevlin Trust at § 4.3.c.
[5] Ex. 1, Tevlin Trust at § 4.3.c.
[6] Ex. 1, Tevlin Trust at § 4.3.c.

4

### b. Underlying Litigation And The Private Settlement Agreement

In January 2010, more than two years prior to the creation of the Tevlin Trust, Mr. Duke was charged with various crimes in the above-captioned case. He pled guilty to some of the charges and, as part of his sentence, was ordered to pay $2,073,729.50 in restitution.[7] The restitution order remains unpaid.

The United States is attempting to obtain money from the Tevlin Trust to apply to Mr. Duke's restitution liability. On July 17, 2018, the United States obtained the Writ seeking to attach Mr. Duke's interest in the Tevlin Trust. At the time the Writ was issued, there was no trustee of the Tevlin Trust.

On September 25, 2018, the King Beneficiaries filed a complaint in Delaware County Probate Court. The complaint did not seek to modify the provisions of, or terminate, the Tevlin Trust. Instead, the King Beneficiaries sought (1) a declaratory judgment that, due to the government's garnishment efforts, Mr. Duke's interest in the Tevlin Trust was forfeited (under the forfeiture provisions); and (2) appointment of LCNB as trustee of the Tevlin Trust.[8]  Mr. Duke and the Pearce Beneficiaries were named as defendants.

On November 1, 2018, the King Beneficiaries made a motion to equally divide the Tevlin Trust and appoint LCNB as trustee of their portion.[9] In that motion, the King

---

[7] Amended Judgment in a Criminal Case (Doc. 267), *United States v. Duke*, No. 1:10-cr-14 (S.D. Ohio May 16, 2013);
[8] The Delaware County Probate Court complaint is attached as Exhibit 2.
[9] The Motion to Divide the Tevlin Trust and Appoint LCNB, N.A. as Trustee of Plaintiffs' Trust is attached as Exhibit 3.

5

Beneficiaries assert that trust division is permitted under § 5.1.15, which gives the trustee the authority to:

> divide any Trust or Trust share…into separate Subtrusts or Trust shares with identical provisions as Trustee deems appropriate in fulfilling Grantor's overall estate plan…Each Subtrust or Trust share shall be funded with property that is fairly representative of the net appreciation and/or depreciation of all property held in Trust.

The Delaware County Probate Court never ruled on the King Beneficiaries' motion. Instead, the Delaware County matter was purportedly resolved through a private settlement agreement (the "PSA") that equally divided the Tevlin Trust among the six beneficiaries, terminated the Trust, and directed the trustee to distribute the shares to the beneficiaries.[10]

Though the PSA is titled "Robert E. and Francis M. Tevlin Trust Settlement Agreement, December 2018," it is otherwise undated. The parties to the PSA are the King Beneficiaries, the Pearce Beneficiaries, the Ohio Attorney General, and the United States. Though Mr. Duke is a beneficiary of the Tevlin Trust and a named defendant in the Delaware County matter, he is not a party to the PSA. Instead, the PSA asserts that the United States can enter into the PSA on Mr. Duke's behalf because it "is a judgment creditor of and the owner of Eric D. Duke's interest in the Tevlin Trust by way of a criminal restitution judgment and federal and Ohio law."[11] The PSA further claims that the:

---

[10] The PSA is attached as Exhibit 4.
[11] Ex. 4, PSA at p.1, Introduction.

6

> United States has a statutory lien "on all property and rights to property of the person [] as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. §§ 3613(c), (f). Ohio law, under Chapter 5805 of the Revised Code, recognizes the United States rights to attach Duke's interest in the trust."[12]

The PSA asserts that "it has become impossible to achieve the purposes of the trust;" "the United States has lawfully executed against the interest of one of the named beneficiaries;" and "the distribution standard is unworkable for a pot trust, especially with beneficiaries that have wildly divergent interests and needs."[13] The PSA contends that as a result of these facts, and pursuant to § 5.1.5 of the Tevlin Trust, the beneficiaries are terminating the trust, splitting it into six equal shares, and distributing equal shares to the trust beneficiaries (with Mr. Duke's share going to the United States).[14]

On December 26, 2018, the King Beneficiaries and the Pearce Beneficiaries jointly moved the Delaware County Probate Court for the entry of an agreed order incorporating the terms of the PSA.[15] On December 27, the court granted the motion and entered an Agreed Judgment Entry that, *inter alia*, (i) terminates the Tevlin Trust; (ii) incorporates the PSA; (iii) orders that the assets of the Tevlin Trust be divided and distributed pursuant to the PSA; and (iv) grants default judgment against Mr. Duke.[16]

---

[12] Ex. 4, PSA at p.1, ¶ 4.
[13] Ex. 4, PSA at p. 3, § 1.4.
[14] *See* Exhibit 4, PSA at p. 4, §§ 1.5, 1.6, 1.7.
[15] The Joint Motion for Entry of Agreed Entry is attached as Exhibit 5.
[16] The Agreed Judgment Entry is attached as Exhibit 6.

7

The PSA also appointed LCNB as the trustee of the Tevlin Trust.[17] On January 10, 2019, LCNB accepted its appointment as successor trustee subject to certain enumerated conditions.[18] In accepting the appointment, LCNB agreed to

> execute the PSA terms to the extent it is required to do so by law, and such qualification includes, without limitation, the ability to seek legal resolution on the proper distribution of Eric Duke's trust share. LCNB may therefore seek legal assistance and may initiate legal action as to the proper distribution of Eric Duke's trust share, and any costs associated with such legal assistance or legal action shall be borne solely by Eric Duke's trust share.[19]

On February 5, 2019, the United States served LCNB with the Writ.

### III. **ARGUMENT**

Mr. Duke's restitution order operates as a statutory lien on all of his "property and rights to property" as if the restitution order were "a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c). As a creditor, the United States is only entitled to obtain a writ of garnishment against property in which Mr. Duke has "a substantial nonexempt interest." 28 U.S.C. § 3205(a).

The nature of Mr. Duke's interest in the Tevlin Trust is governed by state law. *Bank One Ohio Trust Co. v. United States*, 80 F.3d 173, 175 (6th Cir. 1996) (citing *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960) and *Morgan v. Commissioner*, 309 U.S. 78, 82, 60 S.Ct. 424, 84 L.Ed. 585 (1940)). Because it is a discretionary trust, Mr. Duke does not, under Ohio law, have an interest in the Tevlin Trust subject to garnishment by creditors. *Domo v. McCarthy*, 66 Ohio St. 3d 312, 317,

---

[17] Ex. 4, PSA at p. 3, § 1.1.
[18] The LCNB Acceptance as Successor Trustee ("Acceptance") is attached as Exhibit 7.
[19] Ex. 7, Acceptance at ¶ 5.

8

612 N.E.2d 706 (1993); *Scott v. Bank One Tr. Co.*, 62 Ohio St. 3d 39, 45, 577 N.E.2d 1077 (1991); *see also* Ohio Rev. Code §§ 5805.04(B), and 5805.04(E).

Likely recognizing Ohio's prohibition against compelled distributions from discretionary trusts, the United States attempted to force a distribution of Mr. Duke's interest in the Tevlin Trust through the PSA and Agreed Judgment Entry. The PSA and Agreed Judgment Entry violate numerous provisions of the Ohio Trust Code, and are thus invalid. First, the PSA does not satisfy the party requirement of Ohio Rev. Code § 5801.10(B)(1). Second, the PSA cannot bind Mr. Duke since he was not a party to the agreement. Ohio Rev. Code § 5801.10(E). Third, the PSA improperly modifies the beneficiaries' interest in the trust. Ohio Rev. Code § 5801.10(C). Fourth, the PSA improperly terminates the trust. Ohio Rev. Code § 5801.10(C). Fifth, and most importantly, the purpose of PSA is to allow a creditor (the United States) to attach Mr. Duke's interest in, and compel a distribution from, a discretionary trust, which is prohibited by Ohio law.

Mr. Duke does not have an interest in the Tevlin Trust that is subject to attachment by the United States. Consequently, the Writ must be quashed. *See* 28 U.S.C. § 3205(c)(1).

### a. The United States Cannot Attach Mr. Duke's Interest In The Tevlin Trust Because It Is A Discretionary Trust

The Tevlin Trust is a discretionary trust with a support standard. It directs the trustee to make distributions to the beneficiaries that "in Trustee's sole and uncontrolled discretion may determine to be necessary and proper, for the medical care,

9

comfortable support and maintenance of each of said beneficiaries and the proper education of such beneficiaries."[20] *See Pack v. Osborn*, 2008-Ohio-90, ¶ 17, 117 Ohio St. 3d 14, 881 N.E.2d 237 ("Trusts that give the trustee the 'sole and absolute' discretion to make income and principal distributions for a beneficiary's medical care, care, comfort, maintenance, health, welfare, and general well-being are discretionary trusts, but the trustee must base his or her decisions on the needs of the beneficiary, and his or her discretion can be judged by that standard ('support standard').") (citing Restatement of the Law 3d, Trusts (2003), Section 50).

The Tevlin Trust contains several provisions making it clear that the trustee has full and exclusive discretion to make (or not make) distributions to the beneficiaries:

> the intent of the Grantor being that a beneficiary may continue to live to the fullest degree possible in the manner to which he or she has become accustomed and not for the purpose of preserving assets for ultimate distribution to other beneficiaries. Such distributions of net income or principal may be made to any one or more of said beneficiaries to the exclusion of any of the others, and may be made to any one or more of them without regard to the amount or amounts distributed to or for the benefit of any other one.[21]
>
> The determinations from time to time of the Trustee as to the beneficiary or beneficiaries to whom such payments of net income or principal are to be made and the amounts of such payments shall be final, binding and conclusive upon all persons whomsoever.[22]

Under Ohio law, a beneficiary in a discretionary trust "has no definitely ascertainable interest." *Thomas v. Harrison*, 24 O.O.2d 148, 191 N.E.2d 862 (Cuyahoga County Prob. 1962). Accordingly, a creditor of a discretionary trust beneficiary cannot

---

[20] Ex. 1, Tevlin Trust at § 4.3.c.
[21] Ex. 1, Tevlin Trust at § 4.3.c.
[22] Ex. 1, Tevlin Trust at § 4.3.c.

10

compel a distribution from the trust. *Domo v. McCarthy*, 66 Ohio St. 3d 312, 317, 612 N.E.2d 706 (1993) ("discretionary trust cannot be reached by appellant as creditor of [beneficiary].") (citations omitted); *Scott v. Bank One Tr. Co.*, 62 Ohio St. 3d 39, 45, 577 N.E.2d 1077 (1991) ("McCombe would continue to be the beneficiary of a discretionary trust, the property of which his creditors cannot reach.") (citations omitted)

The prohibition against creditors compelling distribution of a beneficiary's interest in a discretionary trust has been codified in Ohio:

> whether or not a trust contains a spendthrift provision, a creditor of a beneficiary may not compel a distribution that is subject to the trustee's discretion, even if the discretion is expressed in the form of a standard of distribution or the trustee has abused the discretion.
>
> Ohio Rev. Code § 5805.04(B)
>
> Even if a trust does not contain a spendthrift provision, to the extent a beneficiary's interest in a trust is subject to the exercise of the trustee's discretion, whether or not such discretion is subject to one or more standards of distribution, the interest may not be ordered sold to satisfy or partially satisfy a claim of the beneficiary's creditor or assignee.
>
> Ohio Rev. Code § 5805.04(E)

There are no applicable exceptions to this rule. As long as the Tevlin Trust remains a discretionary trust, Mr. Duke does not have an interest subject to compelled distribution by the United States.

### b. The PSA And Agreed Judgment Entry Violate Ohio Law

The United States is attempting to use the PSA as an end run around the rule prohibiting forced distributions from discretionary trusts. Through the PSA and Agreed Judgment Entry, the United States (with the assistance of the King and Pearce

11

Beneficiaries) is trying to modify the trust (splitting it into equal shares) and then terminate the trust (forcing the trustee to distribute Mr. Duke's share to the United States).  The Ohio Trust Code permits certain persons to enter into private settlement agreements with respect to trust agreements.  Ohio Rev. Code § 5801.10.  But the PSA in this case violates numerous provisions of Ohio law.

> i. <u>The PSA does not satisfy the party requirement of Ohio Rev. Code § 5801.10(B)(1)</u>

A private settlement agreement must be executed by two of the following categories of persons/entities, or their representatives under the representation provisions of Ohio Rev. Code Chapter 5803:

> (a) The settlor if living and if no adverse income or transfer tax results would arise from the settlor's participation;
>
> (b) The beneficiaries;
>
> (c) The currently serving trustees;
>
> (d) Creditors, if their interest is to be affected by the agreement.

Ohio Rev. Code § 5801(B)(1).  Neither the settlor nor the trustee were parties to the PSA.  Accordingly, the PSA is only valid if it is executed by the beneficiaries and the creditors (if their interest is to be affected by the agreement).  Even if we assume that the United States is the only creditor whose interest is to be affected by the PSA, the PSA is still invalid because it was not executed by all of the beneficiaries.  The King and Pearce Beneficiaries are parties to the agreement, but Mr. Duke is not.

12

Instead, the United States purports to execute the PSA on Mr. Duke's behalf.[23] But the United States is not a proper representative of Mr. Duke. Ohio Rev. Code Chapter 5803 identifies several situations where a party can be represented by another party in regards to a trust. Nothing in Chapter 5803 permits a judgment creditor to act as a representative of a trust beneficiary for any purpose, let alone to terminate a trust and compel distribution of the beneficiary's entire share to the creditor.

Consequently, the PSA invalid because it is not executed by two of the required categories of persons/entities.

      ii.  <u>The PSA cannot bind Mr. Duke since he was not a party to the agreement</u>

The fact that Mr. Duke was not a party to the PSA also invalidates the agreement under Ohio Rev. Code § 5801.10(E), which provides:

> Any agreement entered into under this section that complies with the requirements of division (C) of this section shall be final and binding on the parties to the agreement or persons represented by the parties to the agreement whether by reason of Chapter 5803. of the Revised Code or otherwise, and their heirs, successors, and assigns, but shall have no effect on any trustee, settlor, beneficiary, or creditor who is not a party to the agreement or is not represented by a party to the agreement.

Mr. Duke is not a party to the PSA, and thus no provision of the PSA is final and binding as to his interest in the Tevlin Trust.

      iii.  <u>The PSA improperly modifies the beneficiaries' interest in the trust</u>

The Tevlin Trust was created as a discretionary pot trust. The beneficiaries were not given a monetary or percentage interest in the trust. The trustee was not required to

---

[23] Ex. 4, PSA at p. 1, Introduction and ¶¶ 3, 4.

13

distribute the trust funds evenly. Instead, the trust assets were to be placed in a single pot, and then the trustee was to use its discretion to make distributions from that pot as were necessary to support the various beneficiaries.[24]

The PSA attempts to completely change the purpose of the Tevlin Trust and the nature of the beneficiaries' interests in it. The PSA assigns each beneficiary an equal share in the trust, and then directs the trustee to immediately distribute the trust funds, rather than to use them for support over time. Such a material modification is prohibited by the Ohio Trust Code. Ohio Rev. Code § 5801(C) ("The agreement may not…change the interests of the beneficiaries in the trust… Matters that may be resolved by a private settlement agreement include…(4) Modifying the terms of the trust, if the modification is not inconsistent with any material purpose of the trust;").

### iv. The PSA improperly terminates the trust

In addition to improperly modifying the trust terms and the interests of the beneficiaries, the PSA improperly terminates the Tevlin Trust. This purported termination is the only way the United States could get around the rule prohibiting creditors from compelling distributions from discretionary trusts. If the trust is terminated, it is no longer discretionary.

But early termination of a discretionary trust via private settlement agreement is prohibited by the Ohio Trust Code. Ohio Rev. Code § 5801.10(C) ("The agreement may

---

[24] Ex. 1, Tevlin Trust at § 4.3.c.

14

not effect a termination of the trust before the date specified for the trust's termination in the terms of the trust.").

> v. The PSA improperly allows the United States to attach Mr. Duke's interest in, and compel a distribution from, a discretionary trust

The most glaring error with the PSA is that its purpose is to force a distribution to Mr. Duke, which can then be levied by the United States. As discussed above (*see supra* § III.a.), the Tevlin Trust is a discretionary trust, and a creditor cannot attach a beneficiary's interest in, or compel a distribution from, a discretionary trust. Consequently, the portion of the PSA requiring the trustee to terminate the trust and distribute Mr. Duke's portion to the United States is invalid. *See* Ohio Rev. Code § 5801.10(C) ("The agreement may not… include terms and conditions that could not be properly approved by the court under Chapters 5801. to 5811. of the Revised Code or other applicable law.").

## IV. CONCLUSION

The Tevlin Trust is a discretionary trust protected by Ohio law from attachment and compelled distribution by creditors of its beneficiaries. This rule presented a roadblock to the United States' efforts to collect on its restitution order against Mr. Duke. In an attempt to bypass this roadblock, the United States entered into the PSA with the other beneficiaries that purported to modify the trust to give Mr. Duke a specific interest, and then terminate the trust thus compelling the trustee to distribute Mr. Duke's portion to the United States.

But the PSA violates Ohio law. It fails to make Mr. Duke's interest in the trust subject to attachment and compelled distribution by the United States. Accordingly, the Writ must be quashed.

Respectfully submitted,

/s/ *Chad R. Ziepfel*
Chad R. Ziepfel (0084274)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Ph: (513) 357-9368
Fx: (513) 381-0205
cziepfel@taftlaw.com

*Attorney for Garnishee LCNB National Bank, in its capacity as Trustee for the Robert E. Tevlin Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

I further certify that on April 15, 2019, a copy of the foregoing was served via regular mail upon the following:

Eric Duke
1638 Brandon Drive
Hebron, KY 41048

Bethany J. Hamilton
Assistant United States Attorney
U.S. Attorney's Office for the Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

                                                     */s/ Chad R. Ziepfel*